1  ARIEL PIERRE CALONNE, State Bar No. 110268
2  acalonne@ci.-ventura.ca.us
   City Attorney
3  ANDY H. VIETS, State Bar No. 127089
   aviets@ci.ventura.ca.us
4  Senior Assistant City Attorney
   JENNIFER LEE, State Bar No. 256416
5  jlee@ci.ventura.ca.us
   Assistant City Attorney
6  City of San Buenaventura
   501 Poli Street
7  Post Office Box 99
   Ventura, California 93002-0099
8  Telephone:  (805) 654-7818
   Facsimile:  (805) 641-0253
9
   Attorneys for Defendants
10 CITY OF SAN BUENAVENTURA [erroneously
11 sued and served as "CITY OF VENTURA"] and
   OFFICER JOEL KLINE
12

13          UNITED STATES DISTRICT COURT

14      FOR THE CENTRAL DISTRICT OF CALIFORNIA

15

16 ALICE GONZALEZ, an individual,          )   Case No.: CV11-03916-GAF-(MRWx)
                                            )
17             Plaintiff,                   )   **NOTICE OF MOTION AND MOTION
                                            )   TO DISMISS SECOND AMENDED**
18        v.                                )   **COMPLAINT [FRCP 12(B)(6)]**
                                            )   **AGAINST DEFENDANTS CITY OF SAN**
19                                          )   **BUENAVENTURA AND OFFICER**
   CITY OF VENTURA, a municipal            )   **JOEL KLINE**
20 corporation; OFFICER JOEL KLINE,        )
   individually, and in his capacity as a  )   **Date:        June 4, 2012**
21 Police Officer for the City of Ventura; )   **Time:        9:30 am**
   and DOES 1 through 10, INCLUSIVE,       )   **Courtroom:  740 (Roybal)**
22                                          )   **Judge:       Honorable Gary A. Feess**
23             Defendants.                  )
                                            )
24                                          )
                                            )
25 _____ )

26 TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

27       PLEASE TAKE NOTICE, that at the above indicated time and place, or as soon

28 thereafter as the matter may be heard in the above entitled court located at 255 E.

                                          1
─────────────────────────────────────────────────────────
                    **Motion to Dismiss [FRCP 12(b)(6)]**

Temple Street, Los Angeles, California 90012, defendants City of San Buenaventura and Officer Joel Kline will move, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss the Second Amended Complaint of plaintiff Alice Gonzalez.  This motion will be made on the grounds that the causes of action in the Complaint, as well as the punitive damages request, do not state a claim upon which relief can be granted.  This motion will be based on this Notice, the attached Memorandum of Points & Authorities, the complete records and files in this action, and the argument of counsel at the hearing hereon.

Dated: May 3, 2012

Office of the City Attorney
City of San Buenaventura

By: _____
Andy H. Viets
Senior Assistant City Attorney
Attorneys for Defendants
CITY OF SAN BUENAVENTURA
and OFFICER JOEL KLINE

**Motion to Dismiss [FRCP 12(b)(6)]**

## LOCAL RULE 7.3 DECLARATION

I, Andy H. Viets, declare as follows:

1.      I am an attorney at law, licensed to practice in all courts in the State of California, including the United States District Court – Central District of California.  I am the Senior Assistant City Attorney with the Office of the City Attorney, City of San Buenaventura, attorneys for defendants City of San Buenaventura and Officer Joel Kline.  If called upon to testify, I could and would competently do so with respect to the contents of this declaration.

2.      Pursuant to Local Rule 7.3, I have met and conferred with Stephen A. King, attorney for plaintiff Alice Gonzalez regarding the filing of a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) with respect to the Second Amended Complaint.  In particular, I forwarded a letter dated April 17, 2012 to Mr. King outlining the CITY and OFFICER KLINE's positions, but have received no response.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 3 , 2012

Andy H. Viets

3

# **TABLE OF CONTENTS**

**Page(s)**

POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT
CITY OF SAN BUENAVENTURA'S MOTION TO DISMISS
PURSUANT TO FRCP 12(B)(1) and FRCP 12(b) (6) ……………...…….   4

I.   INTRODUCTION  ……………….....……………………..……   4

II.   FACTUAL ALLEGATIONS  ……...……………………….……   4

III.   PROCEDURAL HISTORY  ……………………………...……….   5

    A.  Original Complaint ……………………………………………   5
    B.  First Amended Complaint ……………………………………   5
    C.  Second Amended Complaint ………………………………   6

IV.   MOTION TO DISMISS ………………………...…………….…..   6

V.   ARGUMENT – THE PLAINTIFF'S ACTION IS
    BARRED BY THE STATUTE OF LIMITATIONS
    AND HER FAILURE TO COMPLY WITH THE
    CLAIM SUBMISSION REQUIREMENTS OF THE
    CALIFORNIA GOVERNMENT CLAIMS ACT ………………   7

    A.   Civil Rights Claims ……………………………………………   7
        1.  This Action was Filed Against the City and
           Officer Kline Nearly Six Months After
           The Statute of Limitations Expired ………………………   7
        2.  The Relation Back Doctrine does not
           Save this Action ………………………………………………   8
        3.  If the California Relation Back Doctrine
           Applies to this Case, it Also does not
           Save this Action ………………………………………………   10

    B.   Dangerous Condition of Public Property Claim ………………   11

VI.   ARGUMENT – THE FOUR CLAIMS SHOULD BE
    DISMISSED  ……………………………………………..………   12

Page(s)

   A.  A Slip and Fall Accident Cannot Constitute a
      Civil Rights Violation ……………………………………   12

   B.  None of Plaintiff's Claims States a Claim Upon which
      Relief Can Be Granted …………………………………   15

      1.  First Claim – Violation of Constitutional Right to
         Be Free from Unreasonable Seizures and Excessive
         Force (42 USC §1983) as to Officer Kline …………………   15

         a.  There was no Violation of a Constitutional Right ……..   17
         b.  The Right was not Clearly Established …………………   17

      2.   Second Claim – Municipal Liability for Violation
         Of Constitutional Rights (42 USC §1983) as to City………   17

         a.  Deprivation of Constitutionally Protected Interest …….   17
         b.  Official Policy, Custom or Usage …………………………   18

      3.  Third Claim – Relief (42 USC §1988)
         as to All Defendants …………………………………….   20

      4.   Fourth 4.Claim – Violation of California Government
         Code §835 (Dangerous Condition of Public Property)
         As to All Defendants …………………………………….   22

VII.   PUNITIVE DAMAGES …………………………………….   23

VIII. CONCLUSION ...……………………………………………   24

1

## TABLE OF AUTHORITIES

2

## CASES

3

Page(s)

4

Anderson v. Creighton

5

   483 U.S. 635, 640, 107 S.Ct. 3034 (1987) ................................. 17

6

Ashcroft v. Iqbal

7

   129 S.Ct. 1937, 1951 (2009)...................................................18,19,20

8

Balistreri v. Pacifica Police Department

9

   901 F.2d 696 (9th Cir. 1990)...........................................…..  7

10

Bell Atl. Corp. v. Twombly

11

   550 U.S. 544 127 S. Ct. 1955, 1968 (2007)..........................  7,19

12

Blanford v. Sacramento County

13

   406 F.3d 1110, 1114 (9th Circ. 2005) ...............................  16

14

Brousseau v. Jarrett

15

   73 Cal. App. 3d 864 (1977)................................................  23

16

California Restaurant Management Systems v. City of San Diego

17

   195 Cal.App.4th 1581, 126 Cal.Rptr.3d 160 (2011)..............  12

18

Carey v. Piphus

19

   435 U.S. 247, 98 S.Ct. 1042 (1978) .................................  23

20

City of Los Angeles v. Heller

21

   475 U.S. 796, 106 S.Ct. 1571(1986)  .............................  18

22

City of Newport v. Fact Concerts, Inc.

23

   453 U.S. 247, 101 S.Ct. 2748 (1981)  .............................  23

24

Commodore Home Systems, Inc. v. Sup. Ct of San Bernardino County

25

   185 Cal.Rptr. 270, 32 Cal.3d 211 (FEHA) (1982)................  24

26

Conn v. Gabbert

27

   526 U.S. 286, 290, 119 S.Ct. 1292 (1999)..........................  16

28

**Page(s)**

Craig v. United States [Craig I]
    413 F.2d 854, 858 (1969)   ........................................................   9

Daniels v. Williams
    474 U.S. 327, 106 S.Ct. 662 (1986)....................................................   13

Davis v. Scherer
    468 U.S. 183, 104 S.Ct. 3012 (1984)..................................................   16

Del Percio v. Thornsley
    877 F.2d 785 (1987)........................................................................   8

Denz v. Clearfield County
    712 F.Supp. 65, 66 (W.D.Pa.1989)...................................................   15

Elder v. Holloway
    510 U.S. 510, 114 S.Ct. 1019 (1994)   ...............................................   17

Frost v. Agnos
    152 F.3d 1124, 1128 (1998)   ..........................................................   12

G.D. Searle v. Superior Court
    49 Cal.App.3d 22, 122 Cal.Rptr. 218 (1975)....................................   23

Goodman v. Praxair, Inc.
    494 F.3d 458, 473-475 (2007)..........................................................   10

Harlow v. Fitzgerald
    457 U.S. 800 (1982)   ......................................................................   16

Hennessey's Tavern, Inc. v. American Air Filter Co.
    204 Cal.App.3d 1351, 1354, 251 Cal.Rptr. 859 (1988) .........................   10

Ingram v. Superior Court [Slinkard]
    98 Cal.App.3d 483, 492, 159 Cal.Rptr. 557 (1979) .............................   10,11

Jackson v. State of Arizona
    885 F.2d 639, 641 (1989)................................................................   14

**Page(s)**

James v. Herbert
   149 Cal.App.2d 741, 750, 309 P.2d 91 (1957) ...................................... 24

Karim-Panahi v. Los Angeles Police Department
   839 F.2d 621 (1988) ................................................................ 11

Krupski v. Costa Crociere S.P.A.
   ___ U.S. ___, 130 S.Ct. 2485 (2010) ..................................... 9,10

Leatherman v. Tarrant County
   507 U.S. 163, 113 S.Ct. 1160 (1983) ................................... 18

LeMaire v. Maasa
   12 F.3d 1444, 1457 (1993) ............................................... 14

Lopez v. Southern Cal. Rapid Transit Dist.
   40 Cal.3d 780 (1985)........................................................ 22

Martell v. Trilogy, Ltd.
   872 F.2d 322, 325 (1989) ................................................. 9

Miguel v. Country Funding Corp.
   309 F.3d 1161, 1165 (2002) ............................................. 9

Mitchell v. West Virginia
   554 F.Supp. 1215, 1216-17 (N.D.W.Va.1983) ................... 15

Mittenhuber v. City of Redondo Beach
   142 Cal.App.3d 1, 190 Cal.Rptr. 694 (1983) ..................... 22,23

Monell v. Dep't of Soc. Serv.
   436 U.S. 658, 690-691, 98 S.Ct. 2018 (1978) ..................17,18,20

Osolinski v. Kane
   92 F.3d 934, 938 (1996)................................................... 14

Owens v. Okure
   488 U.S. 235, 109 S.Ct. 573 (1989) ................................. 7,8

**Page(s)**

Pearson v. Callahan
   129 S.Ct. 808, 818 (2009) ................................................................ 16

Pembaur v. City of Cincinnati
   475 U.S. 469, 106 S.Ct. 1292 (1986)........................................... 18

Pierson v. Ray
   386 U.S. 547, 87 S.Ct. 1213 (1967)............................................ 15

Quintanilla v. City of Downey
   84 F.3d 353 (9th Circ. 1996) .......................................................... 18

Redman v. County of San Diego
   942 F.2d 1435 (1991)...................................................................... 12

Reynolds v. Powell
   370 F.3d 1028, 1031 (2004) ......................................................... 14

Robinson v. Cuyler
   511 F.Supp. 161, 162, 163 (E.D.Pa.1981) ............................... 15

Sanders-Burns v. City of Plano
   578 F.3d 279, 289 (2009)............................................................... 10

Saucier v. Katz
   533 U.S. 194, 201, 121 S.Ct. 2151 (2001)............................... 16

Shaw v. Department of Alcoholic Beverage Control
   788 F.2d 600 (9th Circ. 1986) ....................................................... 18

Singletary v. Pennsylvania Dept. of Corrections (2001)
   266 F.3d 186, 195 (2001)............................................................... 9

Smith v. Wade
   461 U.S. 30, 103 S.Ct. 1625 (1983) .......................................... 23

Snyder v. Blankenship
   473 F.Supp. 1208, 1209, 1212-13 (W.D.Va.1979) ................. 15

vi

**Page(s)**

State v. Superior Court [Bodde]
 32 Cal.4th 1234, 1239, 13 Cal.Rptr.3d 534 (2004)…………………………   12

Thompson v. City of Los Angeles
 885 F.2d 1439 (9th Circ.  1989) ……………………………………………..   18

Tunstall v. Rowe
 478 F.Supp. 87, 88, 89 (N.D.Ill.1979)……………………………………   15

Usher v. City of Los Angeles
 828 F.2d 556 (9th Cir.1987) ……………………………………………..   8

Wilson v. Garcia
 471 U.S. 261, 105 S.Ct. 1938 (1985)…………………………………   8

Woo v. Superior Court [Zarabi]
 75 Cal.App.4th 169, 176, 89 Cal.Rptr.2d 20 (1999) …………………………..   11

Wyatt v. Cole
 504 U.S. 158, 161, 112 S.Ct. 1827 (1992)……………………………   13

## STATUTES

Page(s)

**Federal**

Federal Rule of Civil Procedure, §4(m) ….. …………………………………   8,9

Federal Rule of Civil Procedure, §8(a)       ………………………………   6

Federal Rule of Civil Procedure, §12(b)(6) …………………………………   4, 6,7

Federal Rule of Civil Procedure, §15(c)(1) …………………………………   8,10

Federal Rule of Civil Procedure, §15(c)(3) …………………………………   9

Federal Rule of Civil Procedure, §15(c)(1)(A) …………………………   10

Federal Rule of Civil Procedure, §15(c)(1)(B) …………………………   8

Federal Rule of Civil Procedure, §15(c)(1)(C) …………………………   9,10

42 U.S.C. §1983   …….………………………………….5,6,7,11,12, 13,15,18

42 U.S.C. §1988   …….………………………………… 6,11,13, 20,21

**State**

Cal. Civil Code § 815.2(a)……………………………………..   21

Civil Code § 3294   …..……………………………………..   23

Code of Civil Procedure § 335.1 ……………………………………   8

Government Code § 815.2 ………………………………………   11

Government Code § 830(c) ………………………………………   22

|  | Page(s) |
|---|---|
| Government Code § 835 …………………………………………… | 6,22 |
| Government Code § 905 ………………………………………….. | 11 |
| Government Code § 910 ………………………………………….. | 11 |
| Government Code § 911.2 ………………………………………… | 11 |
| Government Code § 911.6 ………………………………………… | 12 |
| Government Code § 945.4 ………………………………………… | 11 |
| Government Code § 945.6 ………………………………………… | 12 |

## POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

Defendants City of San Buenaventura [City] and Officer Joel Kline [Officer Kline] hereby move for dismissal of plaintiff Alice Gonzalez' Second Amended Complaint [SAC] pursuant to Federal Rule of Civil Procedure 12(b)(6).

## I.  INTRODUCTION

This action is based on an alleged incident in which the plaintiff slipped and fell in a puddle of water at the Ventura County Jail, for which she blames the City and Officer Kline, claiming that they violated her federally protected civil rights.  First, the plaintiff named the City and Officer Kline as defendants after the statute of limitations / claim submission requirements had expired.  Second, a slip and fall incident does not give rise to a civil rights violation.  Third, Officer Kline enjoys qualified immunity and the plaintiff has failed to allege any facts supporting a Monnell theory of liability against the City.  Fourth, there is no basis for a request for punitive damages.

## II.  FACTUAL ALLEGATIONS

The following factual scenario is alleged in the Second Amended Complaint [SAC]:

On May 7, 2009 at about 3:20 pm, the plaintiff was a passenger in a car being driven by Noe Chavez Liviano [SAC paras. 10 and 13].  Liviano's car was "pulled over by [a] *Ventura County Sheriff's* Officer marked vehicle" (emphasis added) [SAC, para. 11].  The plaintiff was arrested on an outstanding warrant for "an unknown traffic ticket" [SAC, para. 13].

The plaintiff was then transported to "the Sheriff's Department complex" where she was "stringently handcuffed during booking" [SAC, para. 14].  Presumably at the "complex", the plaintiff was directed by Officer Kline, "while handcuffed and in a vulnerable position into a known water puddle on the ground for the purpose and intent of exposing her to a known dangerous condition" [SAC, para. 15].  The plaintiff then fell "in the puddle she was directed into" [SAC, para. 17].  After the fall, the plaintiff's

**Motion to Dismiss [FRCP 12(b)(6)]**

"pants were wet" and "she suffered severe physical injury, emotional distress and damages to her person" [SAC, para. 18]; her alleged injuries were to her shoulder, knee, back, wrist, hand, finger, leg, chest, ribs and arms [SAC, para. 20].

Unnamed "officers subsequently teased and ridiculed" the plaintiff "to humiliate her and mock her injury" [SAC, para. 21]. The plaintiff "was never offered any medical assistance for her fall and subsequent injuries" [SAC, para. 22]. Unspecified "defendants" were rude to the plaintiff, asking "if there was a 'slip and fall get out of jail free' exception she was seeking" [SAC, para. 23]. The plaintiff "was never offered any medical assistance or given any treatment while at 800 S. Victoria Blvd., Ventura, CA" [SAC, para. 24], although she was "taken to Ventura County Medical Center at a later time, upon her insistence" [SAC, para. 25]. Officer Kline told the plaintiff "in a joking fashion that she 'fell with grace, because they viewed it on camera'" [SAC, para. 26].

### III. **PROCEDURAL HISTORY**

#### A.   **Original Complaint**

The plaintiff filed her original Complaint on May 6, 2011 against the *County* of Ventura [County] and *Deputy* Joel Kline [Deputy Kline]. It consisted of three claims: (1) Violation of Constitutional Right to be Free from Unreasonable Seizures and Excessive Force (42 USC §1983) as to Deputy Kline, (2) Municipal Liability for Violation of Constitutional Rights (42 USC §1983) as to County, and (3) Violation of California Government Code §835 (Dangerous Condition of Public Property) as to Deputy Kline. Neither the City of San Buenaventura [City] nor *Officer* Joel Kline [Officer Kline] was a party to that action. In response to that Complaint, the County filed a Motion to Dismiss which was granted on October 19, 2011.

#### B.   **First Amended Complaint**

On November 4, 2011, the plaintiff filed a First Amended Complaint against the County, the City and Officer Kline. It consisted of four claims: (1) Violation of Constitutional Right to be Free from Unreasonable Seizures and Excessive Force (42 USC §1983) as to Officer Kline, (2) Municipal Liability for Violation of Constitutional

**Motion to Dismiss [FRCP 12(b)(6)]**

Rights (42 USC §1983) as to the County and the City, (3) Relief (42 USC §1988) as to all defendants, and (4) Violation of California Government Code §835 (Dangerous Condition of Public Property) as to all defendants.  Neither the City nor Officer Kline was ever served with the First Amended Complaint and neither responded to it.  The County, however, filed a Motion to Dismiss to which the plaintiff did not file opposition.  On January 4, 2012, the court granted the County's motion.

## C. Second Amended Complaint

On January 19, 2012, the plaintiff filed a Second Amended Complaint against the City and Officer Kline (the County was not named as a defendant in this action and was dismissed with prejudice on 1/27/12).  The Second Amended Complaint consists of four claims: (1) Violation of Constitutional Right to be Free from Unreasonable Seizures and Excessive Force (42 USC §1983) as to Officer Kline, (2) Municipal Liability for Violation of Constitutional Rights (42 USC §1983) as to the City, (3) Relief (42 USC §1988) as to all defendants, and (4) Violation of California Government Code §835 (Dangerous Condition of Public Property) as to all defendants.

## IV.   MOTION TO DISMISS

"A pleading that states a claim for relief must contain: …(2) a short and plain statement of the claim showing that the pleader is entitled to relief".  Federal Rule of Civil Procedure 8(a).  Federal Rule of Civil Procedure 12(b)(6) provides a defendant with a procedural mechanism to challenge the legal sufficiency of the operative complaint:

Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: …(6) failure to state a claim upon which relief can be granted; …A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed. If a pleading sets out a claim for relief that does not require a  responsive pleading, an opposing party may assert at trial any defense to that claim. No defense or

Motion to Dismiss [FRCP 12(b)(6)]

objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion.

A motion to dismiss under Rule 12(b)(6) should be granted where there is a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Department* (9th Cir. 1990) 901 F.2d 696, 699. The United States Supreme Court has recently liberalized the standard for granting such motions, overruling the long-standing rule that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Bell Atlantic Corp. v. Twombly* (2007) 550 U.S. 544, 561-562, 127 S.Ct. 1955. In doing so, the U.S. Supreme Court emphasized that a plaintiff's pleading obligation requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action ... Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly, supra*, at p. 555. Under this standard, a plaintiff must proffer "enough facts to state a claim to relief that is plausible on its face"; a 12(b)(6) motion should therefore be granted where the plaintiff has failed to nudge his "claims across the line from conceivable to plausible." *Twombly, supra*, at p. 570.

## V. ARGUMENT – THE PLAINTIFF'S ACTION IS BARRED BY THE STATUTE OF LIMITATIONS AND HER FAILURE TO COMPLY WITH THE CLAIM SUBMISSION REQUIREMENTS OF THE CALIFORNIA GOVERNMENT CLAIMS ACT

### A.   Civil Rights Claims

**1.    This Action was Filed Against the City and Officer Kline Nearly Six Months After the Statute of Limitations Expired**

The first three claims in the Second Amended Complaint are based on alleged civil rights violations. 42 USC §1983 does not provide any limitation period in which to bring an action. The courts have therefore borrowed the personal injury statute of limitations of the state in which the action arose. See *Owens v. Okure* (1989) 488 U.S.

**Motion to Dismiss [FRCP 12(b)(6)]**

235, 109 S.Ct. 573; *Wilson v. Garcia* (1985) 471 U.S. 261, 105 S.Ct. 1938.   When California had a one-year statute of limitations for personal injury actions, the Ninth Circuit held that it applied to civil rights claims.   See *Del Percio v. Thornsley* (1987) 877 F.2d 785; *Usher v. City of Los Angeles* (1987) 828 F.2d 556.   California has since enacted a two-year statute of limitations in such cases (Code of Civil Procedure §335.1), and presumably that is now the applicable limitations period.

Pursuant to the Second Amended Complaint, the incident giving rise to this lawsuit occurred on May 7, 2009 [SAC para. 10], resulting in the statute of limitations expiring on May 9, 2011 (May 7th was a Saturday).   The First Amended Complaint was the first pleading in this action that named the City and Officer Kline as defendants in this action.   It was not filed, however, until November 4, 2011, meaning that it was filed nearly six months after the two-year statute of limitations had expired.   On this ground alone, the first three claims should be dismissed.

### 2.   The Relation Back Doctrine does not Save this Action

It is anticipated that the plaintiff will argue that the factual allegations in the First Amended Complaint "relate back" to the original Complaint, which was timely filed, and therefore the statute of limitations does not bar this action against the City and Officer Kline.   Pursuant to FRCP 15(c)(1), however, stringent requirements apply where an amended pleading adds or changes the name of a defendant:

> An amendment to a pleading relates back to the date of the original pleading when:
>
> . . .
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and

**Motion to Dismiss [FRCP 12(b)(6)]**

(ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

First, the claim against a newly added defendant must have arisen out of the conduct set forth in the original complaint. *Martell v. Trilogy, Ltd.* (1989) 872 F.2d 322, 325. For purposes of this motion, the City and Officer Kline do not contest that the claims against them as alleged in the Second Amended Complaint arise out of the same incident as is described in the plaintiff's original Complaint.

Second, the new defendant must have received sufficient notice of the original action "within the period provided by FRCP 4(m) for serving the summons and complaint" so that the new defendant will not be prejudiced in defending the claim on the merits. FRCP 15(c)(1)(C). An action is subject to dismissal for failure to serve the summons and original complaint within 120 days after commencement of the action. FRCP 4(m). Thus, any defendant who was not aware of the action within the 120-day period cannot be later joined as a defendant in the action. See *Miguel v. Country Funding Corp.* (2002) 309 F.3d 1161, 1165. This requires actual notice of the filing of the lawsuit. *Singletary v. Pennsylvania Dept. of Corrections* (2001) 266 F.3d 186, 195; *Craig v. United States [Craig I]* (1969) 413 F.2d 854, 858. In the present case, the 120-day period expired on September 6, 2011 (the 120th day actually fell on September 3rd, which was a Saturday, and September 5th was a holiday). The First Amended Complaint, which was the first pleading which named the City and Officer Kline as defendants in this action, however, was not filed until November 4, 2011, nearly two months after the 120 days expired. In addition, there is no indication that the City or Officer Kline was aware of the action during that period of time.

Third, the new defendant must have known or should have known that "but for a mistake concerning the proper party's identity," it would have been named in the original complaint. FRCP 15(c)(3). See *Krupski v. Costa Crociere S.p.A.* (2010) ___ U.S. ___, 130 S.Ct. 2485. Such mistakes are limited to (1) the defendant's identity, but

9

**Motion to Dismiss [FRCP 12(b)(6)]**

only as to misnomer or misidentification [see *Krupski, supra,* in which the plaintiff sued the company which issued her a cruise ticket instead of the cruise ship owner/operator; both had the same attorney who was well aware of the mistake]; (2) the defendant's status as an entity or individual [see *Goodman v. Praxair, Inc.* (2007) 494 F.3d 458, 473-475, in which a parent company was sued but the conduct was by a subsidiary]; and (3) the defendant's capacity [see *Sanders-Burns v. City of Plano* (2009) 578 F.3d 279, 289, in which a defendant was originally named in his official capacity but should have been named in his individual capacity]. There is no indication that there was such a mistake in this case.

Thus, the relation back doctrine does not save this action against the City and Officer Kline.

**3.     If the California Relation Back Doctrine Applies to this Case, it Also does not Save this Action**

FRCP 15(c)(1) states in relevant part that "An amendment to a pleading relates back to the date of the original pleading when: (A) the law that provides the applicable statute of limitations allows relation back." Since FRCP 15(c)(1)(C) specifically applies to an amended pleading which changes or adds a party (see section V.A.2, above), FRCP 15(c)(1)(A) does not apply to this case, as the plaintiff has named new parties, those being the City and Officer Kline. Nevertheless, if the court looks at the "law that provides the applicable statute of limitations," namely California law regarding the relation back doctrine, it still does not save the plaintiff's action.

Under California law, where an amended complaint names new defendants, the action is deemed commenced as to the new defendants from the date of filing of the amended complaint. See *Hennessey's Tavern, Inc. v. American Air Filter Co.* (1988) 204 Cal.App.3d 1351, 1354, 251 Cal.Rptr. 859. Furthermore, due process forbids application of the relation back doctrine where the amended complaint is against a new defendant, i.e., one not named in the original complaint. *Ingram v. Superior Court*

**Motion to Dismiss [FRCP 12(b)(6)]**

1    *[Slinkard]* (1979) 98 Cal.App.3d 483, 492, 159 Cal.Rptr. 557; *Woo v. Superior Court*

2    *[Zarabi]* (1999) 75 Cal.App.4th 169, 176, 89 Cal.Rptr.2d 20.

3          Thus, California law is clear that an action cannot proceed against a party named

4    after the statute of limitations expires; this is exactly what happened in the present case

5    – the City and Officer Kline were named as defendants on November 4, 2011, nearly

6    six months after the statute of limitations had expired on May 9, 2011 (May 7th was a

7    Saturday).

8    **B.    Dangerous Condition of Public Property Claim**

9          The fourth claim in the Second Amended Complaint is based on California

10   Government Code §835 – dangerous condition of public property.[1]  Although a plaintiff

11   may join state claims to a civil rights action under 42 USC §1983 in federal court, the

12   state claims are subject to dismissal if the plaintiff failed to comply with the claims

13   presentation requirements of the Government Claims Act.   *Karim-Panahi v. Los*

14   *Angeles Police Department* (1988) 839 F.2d 621.

15         Government Code §945.4 states in relevant part that "no suit for money or

16   damages may be brought against a public entity on a cause of action for which a claim

17   is required to be presented … until a written claim therefore has been presented to the

18   public entity and has been acted upon by the board, or has been deemed to have been

19   rejected by the board …".  Pursuant to Government Code §905, with certain exceptions,

20   such claims include those which are for "money or damages."  The contents of claims

21   are dictated by Government Code §910 and the timing of their submission by

22   Government Code §911.2 – "A claim relating to a cause of action for death or for injury

23   to person or to personal property or growing crops shall be presented … not later than

24   six months after the accrual of the cause of action.  A claim relating to any other cause

25   of action shall be presented … not later than one year after the accrual of the cause of

26

27   [1] In addition, the third claim, which is entitled "Relief" and states that it is being brought
     under 42 USC §1988, makes reference to (presumably) California Government Code
28   §815.2 [SAC, para. 62], which would also be subject to the Government Claims Act
     claims submission requirements.

**Motion to Dismiss [FRCP 12(b)(6)]**

action."   Assuming that a claim is properly submitted, the public entity has forty-five days to accept or reject it.   Government Code §911.6.   As per Government Code §945.6, the claimant has six months after rejection of a claim, or two years after accrual of the cause of action if the public entity does not formally reject the claim, to file a civil action.

Thus, the failure to timely present a claim for money or damages to a public entity bars the plaintiff from bringing suit against that entity. *California Restaurant Management Systems v. City of San Diego* (2011) 195 Cal.App.4th 1581, 126 Cal.Rptr.3d 160.  A cause of action that is subject to the statutory claim procedure must therefore allege that the plaintiff complied with the claims presentation requirements or that there is an applicable exception or excuse for noncompliance; failure to do so subjects the complaint to a demurrer.   The burden of proof on this issue is on the plaintiff.  *State v. Superior Court [Bodde]* (2004) 32 Cal.4th 1234, 1239, 13 Cal.Rptr.3d 534.

This action is clearly one for "money or damages" [see SAC, Prayer].  As such, it is subject to the claims submission requirements of the Government Claims Act. Nowhere in the Second Amended Complaint, however, does it state that the plaintiff has complied wit the six-month claim submission requirement.  As a result, the fourth claim should be dismissed.

## VI.  ARGUMENT – THE FOUR CLAIMS SHOULD BE DISMISSED

### A.   A Slip and Fall Accident Cannot Constitute a Civil Rights Violation[2]

The first three claims - (1) Violation of Constitutional Right to be Free from Unreasonable Seizures and Excessive Force (42 USC §1983) as to Officer Kline, (2)

---

[2] Claims by pre-trial detainees are generally analyzed under the Fourteenth Amendment due process clause, but because such individual's rights are similar to those of prisoners under the Eighth Amendment cruel and unusual clause, the 9th Circuit has applied the same standard to them.  See *Frost v. Agnos* (1998) 152 F.3d 1124, 1128; *Redman v. County of San Diego* (1991) 942 F.2d 1435.

**Motion to Dismiss [FRCP 12(b)(6)]**

Municipal Liability for Violation of Constitutional Rights (42 USC §1983) as to the City, and (3) Relief (42 USC §1988) as to all defendants, are all essentially civil rights claims under 42 USC §1983:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

The primary purpose and function of 42 USC §1983 is "to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Wyatt v. Cole* (1992) 504 U.S. 158, 161, 112 S.Ct. 1827. The plaintiff's primary allegation is that she slipped and fell in a puddle of water at the Ventura County Jail. Although there are many "federally guaranteed rights," they do not include non-slippery floors at jails, as relatively minor safety hazards do not violate the United States Constitution.

In *Daniels v. Williams* (1986) 474 U.S. 327, 106 S.Ct. 662, the plaintiff claimed that "while an inmate at the city jail in Richmond, Virginia, he slipped on a pillow negligently left on the stairs by respondent, a correctional deputy stationed at the jail. Respondent's negligence, the argument runs, "deprived" petitioner of his "liberty" interest in freedom from bodily injury." The Supreme Court, at p. 332, rejected that this alleged conduct gave rise to a civil rights claim:

**Motion to Dismiss [FRCP 12(b)(6)]**

We think that the actions of prison custodians in leaving a pillow on the prison stairs, or mislaying an inmate's property, are quite remote from the concerns just discussed. Far from an abuse of power, lack of due care suggests no more than a failure to measure up to the conduct of a reasonable person. To hold that injury caused by such conduct is a deprivation within the meaning of the Fourteenth Amendment would trivialize the centuries-old principle of due process of law.

The Ninth Circuit has applied this principle to several cases involving alleged civil rights violations. In *Osolinski v. Kane* (1996) 92 F.3d 934, 938, the court ruled, in a case involving an oven door which fell off and burned a prisoner's arm, as follows:

No cases in this circuit clearly established that a single defective device, without any other conditions contributing to the threat to an inmates' safety, created an objectively insufficiently humane condition violative of the Eighth Amendment. Hoptowit involved a condition-bad lighting-which exacerbated the inherent dangerousness of already-existing hazards, such that those hazards "seriously threatened the safety and security of inmates." Id. Appellee has not pled any such exacerbating conditions. In particular, appellee has not pled any conditions which rendered him unable to "provide for [his] own safety" in the sense that they precluded him from avoiding the faulty oven door or rendered him unable to perceive its defective condition.

With respect to a wet floor in particular, the Ninth Circuit made it clear in *Jackson v. State of Arizona* (1989) 885 F.2d 639, 641 [superseded on other grounds], that such a condition does not create a constitutional violation.  See also *LeMaire v. Maasa* (1993) 12 F.3d 1444, 1457 [shackling of prisoner in shower did not create a constitutional issue, even if the floor was slippery].  The Tenth Circuit reached the same conclusion in *Reynolds v. Powell* (2004) 370 F.3d 1028, 1031 [standing water problem in prison shower did not reach the level of serious harm required for a §1983 action].

14

**Motion to Dismiss [FRCP 12(b)(6)]**

See also *Denz v. Clearfield County* (W.D.Pa.1989) 712 F.Supp. 65, 66 [slippery floor in prison cell]; *Mitchell v. West Virginia* (N.D.W.Va.1983) 554 F.Supp. 1215, 1216-17 [slippery floor in prison dining hall]; *Robinson v. Cuyler* (E.D.Pa.1981) 511 F.Supp. 161, 162, 163 [no violation based on slippery floor in prison kitchen]; *Tunstall v. Rowe* (N.D.Ill.1979), 478 F.Supp. 87, 88, 89 [greasy prison stairway); *Snyder v. Blankenship* (W.D.Va.1979) 473 F.Supp. 1208, 1209, 1212-13 [pool of soapy water from leaking dishwasher in prison kitchen].

Thus, it is absolutely clear that based on United States Supreme Court and Ninth Circuit precedent, as well as cases from other circuits, that a slippery floor in a prison can rarely if ever give rise to a civil rights claim. This is exactly what happened, however, in this case – the plaintiff claims that she slipped and fell in a puddle of water.

**B.    None of Plaintiff's Claims States a Claim Upon which Relief Can be Granted**

      **1.    First Claim – Violation of Constitutional Right to be Free from Unreasonable Seizures and Excessive Force (42 USC §1983) as to Officer Kline**

The plaintiff's first claim is based on Officer Kline's purported liability for violating her civil rights under 42 USC §1983. The Fourth Amendment to the United States Constitution states that "[t]he right of the people to be secure in their persons … and effects, against unreasonable searches and seizures, shall not be violated." The Fourteenth Amendment provides that no state shall "deprive any person of … liberty … without due process of law." Furthermore, the provisions of 42 USC §1983 provide a statutory basis for obtaining damages under these constitutional provisions. Officer Kline, however, enjoys qualified immunity in this case.

Public officials who are vested with important discretionary responsibilities generally enjoy a qualified immunity from personal liability. Police officers are one such type of public official. *Pierson v. Ray* (1967) 386 U.S. 547, 87 S.Ct. 1213. In determining whether an official is entitled to qualified immunity, a court must apply a two pronged test: (1) whether the facts alleged show that the official's conduct violated a constitutional right, and (2) whether the right was clearly established in light of the

**Motion to Dismiss [FRCP 12(b)(6)]**

specific context of the case. *Saucier v. Katz* (2001) 533 U.S. 194, 201, 121 S.Ct. 2151, *Blanford v. Sacramento County* (9th Circ. 2005) 406 F.3d 1110, 1114.

Qualified immunity is applicable if the government official did not violate a clearly established statutory or constitutional right of which a reasonable person would have been aware. See *Davis v. Scherer* (1984) 468 U.S. 183, 104 S.Ct. 3012; *Harlow v. Fitzgerald* (1982) 457 U.S. 800, 102 S.Ct. 2727. In *Harlow*, the Supreme Court explicitly abandoned the subjective aspect of the two-part test. The prior subjective good faith test often raised disputed questions of fact, requiring a trial on the merits and precluding disposition on a motion for summary judgment. As a result, §1983 litigation often entailed substantial costs and administrative burdens incurred in the course of discovery and trial of the subjective motivation issue. Accordingly, *Harlow* retained only the objective party of the immunity test, holding "that government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow, supra,* at p. 818.

In *Saucier, supra*, at p. 201 the Supreme Court rejected the Ninth Circuit's then long standing practice of merging the qualified immunity issue into a determination of the underlying merits of the constitutional claim. In particular, the Supreme Court made mandatory the two prong test noted above, dictating that these two steps be considered in the order presented. See also *Conn v. Gabbert* (1999) 526 U.S. 286, 290, 119 S.Ct. 1292. Even though the Supreme Court subsequently modified this rule so that it is no longer mandatory for the district court to review the two issues sequentially, it noted that doing so "is often beneficial." *Pearson v. Callahan* (2009) 129 S.Ct. 808, 818.

///

///

///

**Motion to Dismiss [FRCP 12(b)(6)]**

a.   *There was no Violation of a Constitutional Right*

The qualified immunity defense is based on the assumption that a constitutional violation occurred in the first place. As is outlined above, there can be no violation of a constitutional right as the result of slippery floor in a jail.

b.   *The Right was not Clearly Established*

A defendant is entitled to qualified immunity if, at the time of the alleged violation, the law was not "clearly established" – the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. *Anderson v. Creighton* (1987) 483 U.S. 635, 640, 107 S.Ct. 3034. This issue is a question of law to be determined by the court. See *Elder v. Holloway* (1994) 510 U.S. 510, 114 S.Ct. 1019. At the very least, there is currently no clearly established law that subjecting a detainee to a puddle of water on a jail floor creates a potential constitutional violation.

**2.   Second Claim -- Municipal Liability for Violation of Constitutional Rights (42 USC §1983) as to the City**

The plaintiff's second claim is based on the City's purported liability for violating his civil rights under 42 USC §1983.

In *Monell v. Department of Social Services of the City of New York* (1978) 436 U.S. 658, 690-691, 98 S.Ct. 2018, the United States Supreme Court set forth the elements of a civil rights claim against a municipality: A §1983 plaintiff must show (1) that he has suffered a deprivation of a constitutionally protected interest, and (2) that the deprivation was caused by an official policy, custom or usage of the municipality; in the present case, the plaintiff has not pled sufficient facts to establish that the City had such an official policy, custom or usage.

a.   *Deprivation of Constitutionally Protected Interest*

A governing body will not be held liable under a policy, custom or practice theory unless official action amounted to a violation of a specific constitutional or other federal right – if the plaintiff has not suffered a violation of any constitutional or other federal

**Motion to Dismiss [FRCP 12(b)(6)]**

right, there can be no liability under *Monell*.  See *City of Los Angeles v. Heller* (1986) 475 U.S. 796, 106 S.Ct. 1571; *Quintanilla v. City of Downey* (9th Circ. 1996) 84 F.3d 353.  As is outlined above, there can be no violation of a constitutional right as the result of slippery floor in a jail.

### b.    *Official Policy, Custom or Usage*

There is no respondeat superior liability under 42 U.S.C. §1983 – a public entity can be held liable pursuant to this statute only for a constitutional violation caused by a policy, custom or practice of the public entity.  *Monell, supra*, at pp. 690-691.  A policy is a formally adopted rule, statute or guideline enacted by the public entity.  *Pembaur v. City of Cincinnati* (1986) 475 U.S. 469, 106 S.Ct. 1292.  Customs and practices, on the other hand, are more informal in nature.  See *Thompson v. City of Los Angeles* (9th Circ.  1989) 885 F.2d 1439; *Shaw v. Department of Alcoholic Beverage Control* (9th Circ. 1986) 788 F.2d 600.  While the Supreme Court does not require a heightened pleading requirement in §1983 actions with respect to the policy, custom or practice upon which liability is sought against a local public entity [*Leatherman v. Tarrant County* (1993) 507 U.S. 163, 113 S.Ct. 1160], more recently, in *Ashcroft v. Iqbal* (2009) 129 S.Ct. 1937, 1951, it has reiterated that something more than just a recitation of the legal elements of a claim is required to get past a motion to dismiss.

In *Iqbal*, the plaintiff was arrested following the 9/11 terrorist attacks and claimed that he was abused by his jailers.  He alleged in part that this was pursuant to a policy of which Attorney General John Ashcroft was the "principal architect," and that FBI Director Robert Mueller was "instrumental in [its] adoption, promulgation, and implementation."  *Iqbal, supra*, at p. 1944.   The court noted, however, that "[w]hile legal conclusions can provide the frame work of a complaint, they must be supported by factual allegations."  *Iqbal, supra*, at p. 1950.  Applying this rule to the facts in *Iqbal*, the court went on to state, at p. 1951:

> We begin our analysis by identifying the allegations in the complaint
> that are not entitled to the assumption of truth. Respondent pleads that

**Motion to Dismiss [FRCP 12(b)(6)]**

petitioners "knew of, condoned, and willfully and maliciously agreed to subject [him]" to harsh conditions of confinement "as a matter of policy, solely on account of [his] religion, race, and/or national origin and for no legitimate penological interest." Complaint ¶ 96, App. to Pet. for Cert. 173a-174a. The complaint alleges that Ashcroft was the "principal architect" of this invidious policy, *id.,* ¶ 10, at 157a, and that Mueller was "instrumental" in adopting and executing it, *id.,* ¶ 11, at 157a. These bare assertions, much like the pleading of conspiracy in *Twombly,* amount to nothing more than a "formulaic recitation of the elements" of a constitutional discrimination claim, 550 U.S., at 555, 127 S.Ct. 1955, namely, that petitioners adopted a policy " 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." *Feeney,* 442 U.S., at 279, 99 S.Ct. 2282. As such, the allegations are conclusory and not entitled to be assumed true. *Twombly, supra,* 550 U.S., at 554-555, 127 S.Ct. 1955. To be clear, we do not reject these bald allegations on the ground that they are unrealistic or nonsensical. We do not so characterize them any more than the Court in *Twombly* rejected the plaintiffs' express allegation of a " 'contract, combination or conspiracy to prevent competitive entry,' " *id.,* at 551, 127 S.Ct. 1955, because it thought that claim too chimerical to be maintained. It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth.

The *Iqbal* court therefore reversed the findings of the District Court and Appellate Court. *Iqbal, supra,* at p. 1954. See also *Patton, supra.* Similarly, the court in the present case should grant this motion with respect to the City on the basis that it provides insufficient facts. While there is a vague reference in the Second Amended Complaint to unspecified policies, customs or practices [SAC, paras. 51-59], there are

**Motion to Dismiss [FRCP 12(b)(6)]**

no *facts* alleged to support this claim.  Under *Monell* and *Ashcroft*, this is a fatal defect in the plaintiff's Complaint.

### 3.    Third Claim -- Relief (42 USC §1988) as to All Defendants

The plaintiff's third claim, entitled "Relief", appears to be brought under 42 USC §1988 which states:

> (a) Applicability of statutory and common law -- The jurisdiction in civil and criminal matters conferred on the district courts by the provisions of titles 13, 24, and 70 of the Revised Statutes for the protection of all persons in the United States in their civil rights, and for their vindication, shall be exercised and enforced in conformity with the laws of the United States, so far as such laws are suitable to carry the same into effect; but in all cases where they are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies and punish offenses against law, the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil or criminal cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause, and, if it is of a criminal nature, in the infliction of punishment on the party found guilty.
>
> (b) Attorney's fees -- In any action or proceeding to enforce a provision of section[] ... 1983, ... the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity such officer shall not be held liable for any costs,

**Motion to Dismiss [FRCP 12(b)(6)]**

including attorney's fees, unless such action was clearly in excess of such officer's jurisdiction.

(c) Expert fees -- In awarding an attorney's fee under subsection (b) of this section in any action or proceeding to enforce a provision of section 1981 or 1981a of this title, the court, in its discretion, may include expert fees as part of the attorney's fee.

Beyond the alleged facts noted above, which are incorporated by reference, the only contention which this claim adds is that supposedly under this code section "To the extent that the personal resources of the individual defendants herein are deficient in the amounts necessary to furnish a suitable remedy to plaintiff, defendant City of San Buenaventura is liable for such deficiency pursuant to California Civil Code §815.2(a)."

First, 42 USC §1988, which is commonly referred to as the Civil Rights Attorney's Fees Act of 1976, does not create an independent claim, but is instead a remedies statute which is better pleaded as part of a prayer. Second, California Civil Code §815.2(a) refers to conservation easements, the relation of which to this case is a mystery. If the plaintiff's intent was to reference California Government Code §815.2(a), that code section states "A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative". This is simply the public entity "respondeat superior" code section, meaning that it holds public entities liable for the conduct of their employees while in the course and scope of their employment. This code section does not create an independent claim; it simply establishes the basis for vicarious liability. Thus, this claim should be dismissed, as there is no legal basis for it.

21

**Motion to Dismiss [FRCP 12(b)(6)]**

4.     **Fourth Claim -- Violation of California Government Code §835 (Dangerous Condition of Public Property) as to All Defendants**

The plaintiff's fourth claim is brought under California Government Code §835, which states:

> Except as provided by statute, a public entity is liable for injury caused by a dangerous condition of *its property*[3] if the plaintiff establishes that the property was in a dangerous condition at the time of the injury, that the injury was proximately caused by the dangerous condition, that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred, and that either:
>
> (a) A negligent or wrongful act or omission of an employee of the public entity within the scope of his employment created the dangerous condition; or
>
> (b) The public entity had actual or constructive notice of the dangerous condition under Section 835.2 a sufficient time prior to the injury to have taken measures to protect against the dangerous condition.

The term "public property" is defined in Government Code §830(c) as "real … property owned or controlled by the public entity." By the plaintiff's own admission, the alleged incident giving rise to this lawsuit occurred at the ""the Sheriff's Department complex" [SAC, para. 14], otherwise known at the Ventura County Jail. There is no indication in the Second Amended Complaint that the plaintiff's slip and fall incident took place on property owned or controlled by the City.

Furthermore, claims against public entities must be pled with particularity. See *Lopez v. Southern California Rapid Transit District* (1985) 40 Cal.3d 780, 795, 190 Cal.Rptr. 840; *Mittenhuber v. City of Redondo Beach* (1983) 142 Cal.App.3d 1, 190

---

[3] Emphasis added.

**Motion to Dismiss [FRCP 12(b)(6)]**

Cal.Rptr. 694.  The plaintiff's allegations regarding this claim, however, are nothing more than boilerplate statements taken out of the statute [SAC, paras. 64-68] – there are no alleged facts.

Thus, this claim should be dismissed, as the City does not own or control the property where the alleged accident took place, and the allegations are not pled with sufficient particularity.

## VI. PUNITIVE DAMAGES

The Complaint requests punitive damages, presumably against all defendants [SAC, Prayer– para. 72].  With respect to the City, under both federal and state law, municipalities are immune from punitive damages – see *City of Newport v. Fact Concerts, Inc.* (1981) 453 U.S. 247, 101 S.Ct. 2748, and California Government Code §818).  In addition, a prayer for such damages is not warranted against Officer Kline.

Under federal law, the United States Supreme Court has indicated that punitive damages can be awarded in "a proper case" under §1983.  *Carey v. Piphus* (1978) 435 U.S. 247, 257, 98 S.Ct. 1042 [fn. 11].  Such a case would have to involve at the least recklessness or callous indifference to the plaintiff's federally protected rights.  *Smith v. Wade* (1983) 461 U.S. 30, 103 S.Ct. 1625.  In the present case, the worst thing the plaintiff claims Officer Kline did was walk her into a jail where there was a puddle of water.  This does not constitute recklessness or callous disregard for the plaintiff's constitutional rights; in addition, it does not suggest that these defendants knew that they were participating in unconstitutional behavior.

Under California law, Civil Code §3294 allows for punitive damages where the plaintiff proves "by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice."  Further, a claim for punitive damages cannot be pleaded generally and conclusions do not suffice. See *Brousseau v. Jarrett* (1977) 73 Cal. App. 3d 864, 872. As was noted in *G.D. Searle v. Superior Court* (1975) 49 Cal.App.3d 22, 122 Cal.Rptr. 218:

**Motion to Dismiss [FRCP 12(b)(6)]**

> Notwithstanding relaxed pleading criteria, certain tortious injuries demand firm allegations. Vague, conclusory allegations of fraud or falsity may not be rescued by the rule of liberal construction. (3 Witkin, Cal.Procedure (2d ed.), Pleading, §§ 574, 583-584.) When the plaintiff alleges an intentional wrong, a prayer for exemplary damage may be supported by pleading that the wrong was committed willfully or with a design to injure. (*James v. Herbert* (1957) 149 Cal.App.2d 741, 750, 309 P.2d 91.) … When a defendant must produce evidence in defense of an exemplary damage claim, fairness demands that he receive adequate notice of the kind of conduct charged against him.

In the plaintiff's Complaint the only reference to punitive damages is in the Prayer. He makes no factual allegations, nor does he specify under which causes of action he is seeking punitive damages. This is insufficient. The plaintiff must plead and prove that he was subject to oppression, fraud or malice. *Commodore Home Systems, Inc. v. Superior Court of San Bernardino County* (1982) 185 Cal.Rptr. 270, 32 Cal.3d 211 (FEHA). She has failed to do so.

## VIII.  CONCLUSION

It is respectfully requested that the court grant this Motion to Dismiss. First, the plaintiff named the City and Officer Kline as defendants after the statute of limitations / claim submission requirements had expired. Second, a slip and fall incident does not give rise to a civil rights violation. Third, Officer Kline enjoys qualified immunity and

///
///
///
///
///
///

**Motion to Dismiss [FRCP 12(b)(6)]**

1  the plaintiff has failed to allege any facts supporting a Monnell theory of liability against

2  the City.  Fourth, there is no basis for a request for punitive damages.

3

4  Dated: May  3 , 2012                    Office of the City Attorney
                                           City of San Buenaventura
5

6

7

8                                          By: _____

9                                              Andy H. Viets
                                               Senior Assistant City Attorney
10                                             Attorneys for Defendants
                                               CITY   OF   SAN   BUENAVENTURA   and
11                                             OFFICER JOEL KLINE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Motion to Dismiss [FRCP 12(b)(6)]**