STEPHEN A. KING – SB# 224683
LAW OFFICES OF STEPHEN A. KING
9701 Wilshire Blvd, 10th Floor
Beverly Hills, California 90212
Phone (310) 598-6703
Fax (310) 499-5288
Email: sking@kingsjustice.com
stephenkingesq@gmail.com

Attorney for Plaintiff
ALICE GONZALEZ

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA WESTERN DIVISION

| | |
|---|---|
| ALICE GONZALEZ, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF VENTURA, a municipal corporation; OFFICER JOEL KLINE, individually, and in his official capacity as a Police Officer for the City of Ventura; and DOES 1 through 10, INCLUSIVE,<br><br>Defendants. | Case Number: CV11-03916 GAF (MRWx)<br><br>PLAINTIFF'S OPPOSITION TO DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT [FRCP 12(B)(6)]: MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT: PROPOSED ORDER<br><br>Hearing Date: June 18, 2012<br>Time: 9:30am<br>Courtroom: 740 (Roybal)<br>Judge: Honorable Gary A. Feess |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on June18, 2012, at 9:30 a.m., or as soon thereafter as the matter can be heard in the above entitled court before the Honorable Gary A. Fees, United States District Court, in courtroom 740 Roybal, of the United States Courthouse located at 255 East Temple Street, Los Angeles, California, there will be a hearing on Defendants' Notice of Motion and Motion to Dismiss. Plaintiff ALICE GONZALEZ hearby oppose Defendants' Notice of Motion and Motion to

Dismiss.

The grounds for the opposition to Defendants' Notice of Motion and Motion to Dismiss are set forth in the accompanying memorandum, and upon such grounds as may be considered by the Court.

Date: May 29, 2012 Respectfully Submitted,

Plaintiff ALICE GONZALEZ

LAW OFFICES OF STEPHEN A. KING

TABLE OF CONTENTS

TABLE OF AUTHORITIES

MEMORANDUM OF POINTS AND AUTHORITIES

I. A COURT REVIEWING A MOTION TO DISMISS MUST ACCEPT AS TRUE LEGAL CHARACTERIZATION AND CONCLUSIONS MADE BY THE PLAINTIFF'S COMPLAINT

II. CONDENSED STATEMENT OF FACTS

III. THE STATUE OF LIMITATIONS DOES NOT BAR PLAINTIFFS FEDERAL CLAIMS

IV. ARGUMENT - SIX MONTH GOVERNMENT CLAIM COMPLETED

V. THE FAILURE TO OFFER ANY MEDICAL ASSISTANCE IS NOT CONTRADICTED BY THE ALLEGATION THAT THE PLAINTIFF WAS TAKEN TO THE COUNTY MEDICAL CENTER

VI. THERE IS A CONSTITUTIONAL VIOLATION AND THERE WAS A DELIBERATELY INDIFFERENT CUSTOM, PRACTICE, OR POLICY AS REQUIRED BY THE MONELL PRECEDENT

VII. PUNITIVE DAMAGES

VIII. CONCLUSION

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343 (1998)

*Rosado* v. *Wyman*, 397 U.S. 397, 403-405 (1970)

*Acri v. Varian Assocs*., 114 F.3d 999 (1997)

*In re Silicon Graphics,* 183 F.3d 970, 983 (9th Cir. 1999)

*Walleri v. Fed. Home Loan Bank of Seattle,* 83 F.3d 1575, 1580 (9th Cir. 1996)

*Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009)

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)

*Padilla v. Yoo*, 633 F. Supp. 2d 1005, 1019 (N.D.Cal. 2009)

*Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007)

*Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)

*Ayers v. Coughin*, 780 F.2d 205, 209 (2d Cir 1985)

*Villante v. Department of Corrections*, 786 F.2d 516, 522 (2d Cir. 1986)

*Estelle v. Gamble (*429 U.S. 97) (1976)

*Bell v. Wolfish*, 441 U.S. 520 (1979)

*McClary v. O'hare 786* F.2d 83, 89 n. 6 (2d Cir. 1986)

*Wilson v. Seiter*, 501 U.S. 294 (1991)

*Albemarle Paper Co. v. Moody*, 422 U.S. 405, 417 (1975)

*Oklahoma City v. Tuttle,* 471 U.S. 808, 834 (1985)

*Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989).

*Smith v. Wade*, 461 U.S. 30, 56 (1983).

*Dang v. Cross*, 422 F.3d 800, 808-10 (9th Cir. 2005).

*Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993)

*Burlington Indus v. Milliken & Co.,* 690 F.2d 380, 390 (4th Cir.1982)

*Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir.2000).

*Young v. Lepone*, 305 F.3d 1, 14 (1st Cir.2002)

*Morel v. DaimlerChrysler AG*, 565 F.3d 20, 23 (1stCir.2009)

*Hall v. Spencer Cty.,* 583 F.3d 930, 934 (6th Cir. 2009)

FEDERAL RULES

Federal Rule of Civil Procedure 12(b)(6)

MEMORANDUM OF POINTS AND AUTHORITIES

I.

A COURT REVIEWING A MOTION TO DISMISS MUST ACCEPT AS TRUE LEGAL CHARACTERIZATION AND CONCLUSIONS MADE BY THE PLAINTIFF'S COMPLAINT

In determining a motion to dismiss for a failure to state a claim under Federal Rules of Civil Procedure section 12(b)(6), the court "accept[s] [plaintiff's] allegations as true and construe them in the light most favorable to [the plaintiff]." *In re Silicon Graphics,* 183 F.3d 970, 983 (9th Cir. 1999) (citation omitted). In addition, "[t]he court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from well-pleaded facts." *Walleri v. Fed. Home Loan Bank of Seattle,* 83 F.3d 1575, 1580 (9th Cir. 1996) (citation omitted).

Indeed claim is plausible on its face, and thus has provided the requisite to survive a motion to dismiss, when it pleads factual content that would allow a court to draw the reasonable inference that defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). A plaintiff only needs to state "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence." *Padilla v. Yoo*, 633 F. Supp. 2d 1005, 1019 (N.D.Cal. 2009) (citing *Twombly,* 550 U.S. at 545). "That is, a plaintiff must allege facts that, when taken as true, are "suggestive of illegal conduct." *Padilla*, 633 F. Supp. 2d at 1019 (citing *Twombly*, 550 U.S. at 564 n.8).

Allegations in a Civil-rights suits generally do not have to be pleaded with particularity. In 1993, the Supreme Court held that heightened factual specificity is not required in civil-rights suits against municipalities, and in 2002, the Court held that unless a specific statue imposes a heightened pleading requirement, FRCP 8(a)'s requirement of a "short and plain statement" applies. ***Swierkiewicz***, 534 U.S. at 513. (2002); ***Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit***, 507 U.S. 163, 168 (1993). Together, ***Swierkiewicz*** and ***Leatherman*** cast doubt on any heightened pleading requirement in civil-rights cases.

_____To be sure, a plaintiff has through its well pleaded complaint outlined and articulated facts at issue which show more than a reasonable inference that Plaintiff suffered harm from the actions of Defendant because the Defendant was at all times in control of the area where the violation occurred and willfully denied the Plaintiff any reasonable medical attention at the time of the injury.

In reviewing the sufficiency of the complaint, the issue is not whether the plaintiff will ultimately prevail but whether the plaintiff is entitled to offer evidence to support the claims asserted. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

Plaintiff is entitled to conduct discovery and collect evidence in order to show that her rights have been violated and prove the points outlined in the Plaintiffs Complaint against the Defendants. This rule does not pass judgement on the strength of the case, but rather is set in place by the court in order for the Plaintiff's voice to be heard in a United States court of law. _

On a motion to dismiss under Rule 12(b)(6), a court must accept as true all factual allegations pleaded in the complaint and must construe them "in the light most favorable to the non-moving party." *Cahill*, 80 F.3d at 337-38.

Under Federal rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FRCP 8(a)(2). The Supreme Court has interpreted this rule to allow a complaint

to survive a motion to dismiss only if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." ***Ashcroft v. Iqbal,*** 129 S. Ct. 1937, 1947 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. ***Id.***

FRCP 12(b)(6) does not permit dismissal based on judge's disbelief on complaint's factual allegations; ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 555-56 & n.3 (2007)., ***Neitzke v. Williams***, 490 U.S. 319, 326-27 (1989).

II.

CONDENSED STATEMENT OF FACTS

__________On or about 3:20 pm May 7, 2009, SHERIFF DEPUTY'S of VENTURA COUNTY, while acting under color of law failed to use reasonable force and care in detaining, arresting, and booking PLAINTIFF ALICE GONZALEZ. Said acts included placing PLAINTIFF in danger of unnecessary harm when they did not properly maintain a leak which formed a puddle of water that caused PLAINTIFF to fall while in handcuffs in violation of PLAINTIFF's federal constitutional rights thereby causing PLAINTIFF to suffer severe physical injury, emotional distress and damage to their person. As a result of the DEFENDANT'S negligence and deliberate indifference to the consequences of their actions; ALICE GONZALEZ suffered, a shoulder injury, a knee injury, swollen knee, injuries to her back, fractured wrist, swollen hand, fractured finger, leg bruises, chest pains, sore ribs, and numbness of hands, arms and shoulders from handcuffs.

The defendant officer subsequently teased and ridiculed the PLAINTIFF in order to further humiliate and justify their actions and related to this matter. PLAINTIFF was never offered any medical assistance after it was requested by the PLAINTIFF concerning her fall and subsequent injuries, after the DEFENDANTS were aware of her fall to the floor and possible injuries.

III.

THE STATUE OF LIMITATIONS DOES NOT BAR PLAINTIFFS FEDERAL CLAIMS

FRCP 15(c)(1)(C)(ii) "asks what the perspective defendant knew or should have known during the [FRCP]4(m) period, not what the plaintiff knew or should have known at the time of filing her original complaint. ***Krupski c. Costa Crociere S.p.A.,*** 130 S.Ct. 2485, 2493-94 (2010). The information in the plaintiff's possession is relevant only if it bears on the defendant's understanding of whether the plaintiff made a mistake regarding the proper party's identity. ***Id.*** For purposes of that inquiry, it would be error to conflate knowledge of a party's existence with the absence of mistake. ***Id at 2496***. FRCP 15(c) plainly sets forth as exclusive list of requirements for relation back, and the amending party's diligence is not among them. ***Id.*** The speed with which a plaintiff moves to amend her complaint or files an amended complaint after obtaining leaving to do so has no bearing on whether the amended complaint relates back. ***Id.***

Rule 15(c) is based on the notion that once litigation involving particular conduct or a given transaction or occurrence has been instituted, the parties are not entitled to the protection of the statute of limitation against the later assertion by amendment of defenses or claims that arise out of the same 'conduct, transaction, or occurrence.' ***Hall v. Spencer Cty.,*** 583 F.3d 930, 934 (6th Cir. 2009). In short, a court will permit a party to add even a new legal theory in an amended pleading as long as it arises out of the same transaction or occurrence. ***Id.*** Rule 15(c)(2) does not define the scope of the terms 'conduct, transaction, or occurrence.' When applying this standard to the facts of a given case, we give meaning to those terms not by generic or ideal notions of what constitutes a 'conduct, transaction, or occurrence,' but instead by asking whether the party asserting the statue of limitations defense had been placed on notice that he could be called to answer for the allegations in the amended pleading. ***Id.***

FRCP 15(c) also must be interpreted in light of the fundamental tenor of the FRCP, which is one of the liberality rather than technicality. ***Id.***

Under Rule 15(c), the original complaint still must be filed within the state-supplied limitations period. ***Morel v. DaimlerChrysler AG***, 565 F.3d 20, 23 (1stCir.2009)

We have recognized that FRCP 15(c)(1)(C) can be applied to amendments that change the identity of plaintiffs. ***Young v. Lepone***, 305 F.3d 1, 14 (1st Cir.2002)

The Supreme Court formerly held that a complaint should not be dismissed for failure to state a claim unless it appeared beyond doubt that the Plaintiff could prove no set of facts to support a claim for relief. ***Conley v. Gibson***, 355 U.S. 41, 45-46 (1957). The Court retired the "no set of facts" language from ***Conley*** and now requires a pleading to have enough facts to state a claim for relief that is "plausible on its face."

Where there are nonconclusory factual allegations, the court must assume that they are true and then determine whether they plausibly give rise to an entitlement to relief. ***Ashcroft v. Iqbal***, 556 U.S. 662, 129 S.Ct. 1937, 1949-1950 (2009). The court must indulge all inferences in favor of the Plaintiff. ***Collins v. Morgan Stanley Dean Witter***, 224 F.3d 496, 498 (5th Cir.2000).

The response should emphasize that the court must assume that all material facts contained in the complaint are true and resolve all inferences in the plaintiff's favor, and that FRCP 12(b)(6) motions are disfavored in light of the liberal pleading policies of the FRCP. ***Collins v. Morgan Stanley Dean Witter***, 224 F.3d 496, 498 (5th Cir.2000).

In deciding a motion to dismiss for failure to state a claim, the court limits its inquiry to facts stated in the complaint. FRCP 12(d); ***Tackett v. M&G Polymers, USA, LLC***, 561 F.3d 478, 487 (6th Cir.2009).

The response should demonstrate that the complaint provides fair notice of the plaintiff's claims and that the facts alleged sufficiently show a plausible claim for relief. ***Ashcroft v. Iqbal***, 556 U.S. 662,129 S.Ct. 1937, 1949-1950 (2009).

To avoid a dismissal under FRCP 12(b)(6) for failure to state a claim, the Plaintiff must (1) give the defendant fair notice of the nature of the claim and (2)

provide plausible factual allegations to support the claim. ***Starr v. Baca***, 652 F.3d 1202, 1216 (9th Cir.2001);

**Fair Notice**

The complaint must provide fair notice of the claim by including allegations that outline the elements of the claim. ***Starr v. Baca***, 652 F.3d 1202, 1216 (9th Cir.2001);

The plaintiff's factual allegations must be sufficient to notify the defendant of the nature and basis of the claim and the type of litigation involved. ***Burlington Indus v. Milliken & Co.,*** 690 F.2d 380, 390 (4th Cir.1982)

Defendants were notified of the possibility of Plaintiff's §1983 claims in May 2011 and January 2012. As such, Defendant had ample time to prepare for this action. Defendant also possess or have ready access to documents produced by the May 7, 2009, arrest.

**Plausible factual allegations**

A claim is plausible on its face when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. ***Iqbal***, 556 U.S. at 662, 129 S.Ct at 1949. In ***Iqbal*** , the Supreme Court stated that determining whether the plausibility standard has been met will be "context-specific" and will require a judge to use her experience and common sense. ***Iqbal***, 556 U.S. at 662, 129 S.Ct. at 1950. Courts are still developing the standard for what constitutes sufficiently plausible facts.

/ / /

IV.

ARGUMENT - - SIX MONTH GOVERNMENT CLAIM COMPLETED

The plaintiff has filed the required Six-month claim for damages or injury addressed to the Board od Supervisors County of Ventura Administration Building, 4th Floor. 800 South Victoria Avenue, Ventura, CA 93009. Fully completed by the Plaintiff Alice Gonzales detailing the incident against the original named Defendant because the incident occurred inside a county facility.

The county of Ventura was presented with the Government Code Section §913, claim number 10500147. Notice was given that the claim was presented to the Clerk of the Board of Supervisors on 10/08/09, pertaining to the above referenced matter, was rejected on March 4th, 2010. Notice of the claim was presented to the Clerk of the Board of Supervisors on 10/08/2009 well within the six-month time limits outlined in Government Code Section § 945.6, for the incident that occurred 5 months and one day prior 05/07/2009.

All of this discovery will be exchanged between the parties per the FRCP 26 initial disclosures.

_____Here the Plaintiff has shown through the facts of the Complaint that there was a risk of harm due to the fact that enough water had accumulated that water on the booking room floor over a substantial period of time such that the Plaintiff lost her footing and fell. The Plaintiff also showed that the Defendants'were aware that the risk of harm existed because the officer Defendant humiliated the Plaintiff after the injury by teasing her about the way she fell to the ground when she hurt herself. This signifies or suggest that th e fall was done by reckless indifference to Plaintiff's rights. The fall could be the intended result of prison officials looking to poke fun at suspects by recording them falling on slippery floors. ____________________

/ / /

VI.

THE FAILURE TO OFFER ANY MEDICAL ASSISTANCE IS NOT CONTRADICTED BY THE ALLEGATION THAT THE PLAINTIFF WAS TAKEN TO THE COUNTY MEDICAL CENTER

In *Estelle v. Gamble (*429 U.S. 97 (1976)), the Court held that convicted prisoners could challenge denials of medical care under the Either Amendment. In such cases, Plaintiff's must demonstrate that the defendants exhibited a "deliberate indifference"to the serious medical needs. Mere negligent delivery of medical care, the traditional medical malpractice case does not rise to an Eighth Amendment violation, and the conduct of prison officials must be intentional or close to it. *Wilson v. Seiter*, 501 U.S. 294 (1991).

_____Plaintiff complained immediately to the Defendant officer once the injury occurred that she was injured and in need of medical attention. Instead of checking her immediately, she was continued to through the booking and intake process. A nurse was eventually called in who told the officer Defendant that the Plaintiff needed immediate emergency assistance. The Plaintiff was left alone for 2 hours before being relocated where she could be seen by a medical professional.

The recommendation by the nurse at the booking facility satisfies the recent Ninth Circuit treatment of jail injuries in *Clouthier v. County of Contra Costa*, 591 F.3d 1232 (9th Cir. 2010). The objective component of a serious deprivation is met because of the seriousness of the injury sustained combined with the dangerous condition of the booking room floor. Also the subjective component of the Defendants's state of mind is established because the nurse explained the immediate need for medical attention which was ignored.

VII.

PUNITIVE DAMAGES

A plaintiff may receive punitive damages in a § 1983 action "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it

involves reckless or callous indifference to the deferally protected rights of others." ***Smith v. Wade***, 461 U.S. 30, 56 (1983). The Ninth Circuit has articulated this test as granted punitive damages only where the defendant acted maliciously, wantonly, or oppressively. ***Dang v. Cross***, 422 F.3d 800, 808-10 (9th Cir. 2005). Accordingly, a plaintiff seeking punitive damages must allege facts showing that the defendant acted with such intent. ***Id.***

Plaintiff makes factual allegations that, if taken as true, support his assertion that Defendant Deputies' conduct was "malicious, wanton, and oppressive."

## VIII.
## CONCLUSION

Plaintiff therefore requests that the Court deny Defendants' motion to dismiss the federal causes of action of the amended complaint and also not dismiss the state-law cause of action.

Dated: May 29, 2011 LAW OFFICES OF STEPHEN A. KING

/S/ Stephen A. King
STEPHEN A. KING
Attorney for Plaintiff
ALICE GONZALEZ

**[PROPOSED] ORDER**

THIS MATTER having come before the Court upon application of Defendants CITY OF VENTURA, a municipal corporation; OFFICER JOEL KLINE, individually and in his official capacity as a Sheriff Deputy for the County of Ventura; and DOES 1 through 10 inclusive; Motion to Dismiss Plaintiffs Complaint submitted by Plaintiff ALICE GONZALEZ.

It appearing, upon arguments of counsel and for good cause having been established,

IT IS HEREBY ORDERED that:

1. Defendants CITY OF VENTURA, a municipal corporation; OFFICER JOEL KLINE, individually and in his official capacity as a Police OFFICER for the CITY of Ventura; and DOES 1 through 10 inclusive; Notice of Motion and Motion to Dismiss Plaintiffs Complaint under Federal Rule of Civil Procedure 12(b)(6) is denied.

2. Plaintiff ALICE GONZALEZ's Motion opposing Decedent's Motion to Dismiss Plaintiff's Second Amended Complaint is thereby is granted.

IT IS SO ORDERED.

Dated: ____________________ ______________________________

United States District Judge