UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-03916 GAF (MRWx) | Date | June 22, 2012 |
|---|---|---|---|
| Title | Alice Gonzalez v. County of Ventura et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**     (In Chambers)

**ORDER RE: MOTION TO DISMISS**

**I.
INTRODUCTION & BACKGROUND**

Plaintiff filed a Second Amended Complaint ("SAC") on January 19, 2012, in this civil rights action alleging injuries incurred in a fall suffered while Plaintiff was booked, following an arrest, at the Ventura County Sheriff's Department, and the failure to provide medical care for the serious injuries she suffered. (Docket No. 20 [Second Amended Compl. ("SAC")].) Plaintiff asserts constitutional claims pursuant to 42 U.S.C. § 1983 against Police Officer Joel Kline for his role in causing her injuries, and asserts claims for municipal liability and for dangerous conditions of public property, under Cal. Gov. Code § 835, against Kline's employer, the City of Ventura. The County of Ventura was earlier dismissed from this action with prejudice; Kline and the City now move to dismiss. (Docket No. 21 [1/27/12 Order]; Docket No. 23.) As set forth below, the Court **DENIES** the motion to dismiss the constitutional claims against Kline, but **DISMISSES with prejudice** the claims against the City.

Plaintiff's SAC alleges that, on May 7, 2009, at approximately 3:20 p.m., she was arrested by officers of the Ventura County Sheriff's Department on a traffic ticket that had gone to warrant without her knowledge. (SAC ¶¶ 10–13.) She was not under the influence of any substances, and willingly gave her driver's license to the arresting deputies. (Id. ¶ 12.) Plaintiff was transported to the Sheriff's Department complex in Ventura for booking. (Id. ¶ 14.) Plaintiff alleges that she was "stringently handcuffed" during the booking process. (Id. ¶¶

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-03916 GAF (MRWx) | Date | June 22, 2012 |
|---|---|---|---|
| Title | Alice Gonzalez v. County of Ventura et al | | |

36–37.) While Plaintiff was in the booking room, Defendant Joel Kline, a police officer employed by Defendant City of Ventura, "directed" her "while handcuffed and in a vulnerable position into a known water puddle on the ground for the purpose and intent of exposing her to a known dangerous condition." (Id. ¶¶ 15–16, 42.) Plaintiff fell in the puddle and suffered a shoulder injury, knee injury, swollen knee, injuries to her back, fractured wrist, swollen hand, fractured finger, leg bruises, chest pains, and sore ribs, as well as numbness in her hands, arms, and shoulders from the handcuffs. (Id. ¶¶ 17, 20, 28.) Because she was stringently handcuffed while directed through the puddle, she could not break her fall. (Id. ¶ 44.)

Plaintiff alleges that she was never offered medical assistance for her injuries, and that she was taken to the Ventura County Medical Center only "at a later time, upon her insistence." (Id. ¶¶ 22, 24–25.) Indeed, Plaintiff was not treated for her injuries until more than a month later, on June 9, 2009. (Id. ¶ 27.) She has required physical therapy sessions since then. (Id.)

Plaintiff also alleges that, after her fall, Sheriff's Department deputies teased and ridiculed her, including by asking her if she was seeking a "'slip and fall get out of jail free' exception." (Id. ¶ 21, 23.) One deputy who viewed the fall on camera told Plaintiff that she "fell with grace." (Id. ¶ 26.) Defendant Kline watched the footage of the fall and joked about it with other deputies and officers. (Id. ¶ 43.)

**II.
DISCUSSION**

**A. LEGAL STANDARD FOR 12(B)(6) MOTION TO DISMISS**

A complaint may be dismissed if it fails to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). On a motion to dismiss under Federal Rule of Civil Procedure ("F.R.C.P.") 12(b)(6), a court must accept as true all factual allegations pleaded in the complaint, and construe them "in the light most favorable to the nonmoving party." Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996); see also Stoner v. Santa Clara County Office of Educ., 502 F.3d 1116, 1120–21 (9th Cir. 2007). Dismissal under Rule 12(b)(6) may be based on either (1) a lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. SmileCare Dental Grp. v. Delta Dental Plan of Cal., Inc., 88 F.3d 780, 783 (9th Cir. 1996) (citing Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984)).

Under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-03916 GAF (MRWx) | Date | June 22, 2012 |
|---|---|---|---|
| Title | Alice Gonzalez v. County of Ventura et al | | |

interpreted this rule to allow a complaint to survive a motion to dismiss only if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has not sufficiently established that the pleader is entitled to relief. Id. at 1950.

A complaint generally need not contain detailed factual allegations, but "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citation, alteration, and internal quotations omitted). Similarly, a court need not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). That is, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. . . . While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 129 S. Ct. at 1949–50; see also Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003).

**B. STATUTE OF LIMITATIONS**

Defendants first contend that Plaintiff's constitutional claims are barred by a two-year statute of limitations, because the original complaint, which was timely filed on May 6, 2011, incorrectly named Defendant Kline as a County Sheriff's Deputy, and not as a City Police Officer, and because the City was not named as a defendant until Plaintiff filed her First Amended Complaint on November 4, 2011, more than two years after the alleged incident. (Docket No. 23 [Mem.] at 8–10.) Kline was served with the original complaint on August 9, 2011. (See Docket No. 4.) Defendants are correct that California's two-year statute of limitations for personal injury claims applies to this action, because § 1983 does not specify a limitations period. See 42 U.S.C. § 1983; Cal. Civ. Proc. Code § 335.1 (two-year statute of limitations for personal injury claims); Del Percio v. Thornsley, 877 F.2d 785, 786 (9th Cir. 1989) (statute of limitations for § 1983 actions is California's general personal injury statute of limitations). However, Plaintiff's claims against Kline and the City are not time-barred. Kline was named as a defendant in this action within the limitations period, and Plaintiff's claims against the City plainly relate back to her original complaint.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-03916 GAF (MRWx) | Date | June 22, 2012 |
|---|---|---|---|
| Title | Alice Gonzalez v. County of Ventura et al | | |

    Rule 15(c)(1)(C) governs when an amended pleading that changes a party or a party's name relates back to an earlier pleading. The Rule requires that, in order to relate back: the amendment asserts a claim that arose out of the same transaction or occurrence set out in the original pleading; the new defendant received such notice of the original action within 120 days of its filing; and the new defendant knew or should have known that the action would have been brought against it but for a mistake concerning the proper party's identity. Fed. R. Civ. P. 15(c)(1)(C). The Supreme Court stated in Krupski v. Costa Crociere S. p. A. that the relevant question is "what the prospective defendant knew or should have known during the [120 day] period, not what the plaintiff knew or should have known at the time of filing her original complaint." 130 S. Ct. 2485, 2893 (2010).

    It is evident that Plaintiff's claims alleged against the City in this action arise out of the same incident as described in the original complaint, and the Court finds that the City should have known of Plaintiff's mistake within the 120 day period after the original filing. Plaintiff named Defendant Kline in the original complaint and properly served him within 120 days of its filing; the original complaint made clear that she intended to file suit against the public entity employing Defendant Kline. (See Docket No. 1 [Compl.] ¶¶ 4–5, 24, 32, 36, 39.) Thus, the City should have been on notice of the suit and should have known of Plaintiff's mistake in naming the County as Kline's employer. Krupski v. Costa Crociere S. p. A., 130 S. Ct. at 2497 ("Because the complaint made clear that [the plaintiff] meant to sue the company that 'owned, operated, managed, supervised and controlled' the ship on which she was injured . . . [defendant] should have known, within the [120 day] period, that it was not named as a defendant in that complaint only because of [the plaintiff's] misunderstanding about which 'Costa' entity was in charge of the ship.") Accordingly, Plaintiff's federal claims are not time-barred, and the Court proceeds to examine the merits of these claims.

**C. SUBSTANTIVE MERITS OF PLAINTIFF'S CLAIMS**

    **1. PLAINTIFF'S CONSTITUTIONAL CLAIMS**

    To state a claim against an individual pursuant to § 1983, a plaintiff must "allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); accord Williams v. City of Las Vegas, 34 Fed. Appx. 297, 299 (9th Cir. 2002). Although Plaintiff's complaints have been somewhat unclear on this point, the Court has previously determined that she asserts the violation of three constitutional rights: (1) the right to be free from excessive force under the Fourth and Fourteenth Amendments; (2) the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-03916 GAF (MRWx) | Date | June 22, 2012 |
|---|---|---|---|
| Title | Alice Gonzalez v. County of Ventura et al | | |

right to be free from unconstitutional conditions of confinement under the Eighth and Fourteenth Amendments; and (3) the right to immediate medical treatment of her serious medical needs under the Eighth and Fourteenth Amendments.

### a. *Excessive Force under the Fourth and Fourteenth Amendments*

Plaintiff alleges that Kline subjected her to excessive force by stringently handcuffing her during the booking process, causing numbness in her hands and shoulders, and by directing her to walk across a slippery floor while handcuffed, causing her to fall and suffer other serious injuries.  (SAC ¶¶ 36–38.)  The Fourth and Fourteenth Amendments protect the rights of arrestees and pretrial detainees to be free from excessive force at the hands of law enforcement officials.  See Brosseau v. Haugen, 543 U.S. 194, 195–97 (2004) (applying Fourth Amendment to force used against arrestee); White v. Roper, 901 F.2d 1501, 1506–07 (9th Cir. 1990) (applying Fourteenth Amendment to force used against pre-trial detainee).

"Under the Fourth Amendment, officers may only use such force as is 'objectively reasonable' under the circumstances."  Jackson v. City of Bremerton, 268 F.3d 646, 651 (9th Cir. 2001) (quoting Graham v. Connor, 490 U.S. 386, 397 (1989)).  To determine whether force applied to pre-trial detainees is excessive in violation of the Fourteenth Amendment, courts consider the following factors: "(1) the need for the application of force; (2) the relationship between the need and the amount of force that was used; (3) the extent of the injury inflicted; and (4) whether force was applied in a good faith effort to maintain and restore discipline."  White, 901 F.2d at 1507.  It is unnecessary for this Court to decide whether Plaintiff—who was in the process of being booked when she sustained injuries—was protected by the Fourth or Fourteenth Amendment.  Compare Wood v. City of Garden Grove, 395 Fed. Appx. 467, 469 (9th Cir. 2010) (analyzing use of force during booking under the Fourth Amendment), with Williams, 34 Fed. Appx. at 299 (9th Cir. 2002) (analyzing use of force during booking under the Fourteenth Amendment).  Under either analysis, Plaintiff's SAC states a plausible claim.

"An arrestee's claim of excessive force does not 'necessarily require allegations of assault, but rather can consist of the physical structure and conditions of the place of detention'"; moreover, "'[t]he use of handcuffs is the use of force, and such force must be objectively reasonable under the circumstances.'"  Jones v. County of Sacramento, No. 09-1025, 2011 WL 3163307, at *7–8 (E.D. Cal. 2011) (quoting Burchett v. Kiefer, 310 F.3d 937, 947 (6th Cir. 2002) and Muehler v. Mena, 544 U.S. 93, 103 (2005) (Kennedy, J., concurring)).  To constitute the "excessive" use of force, the prisoner must be subjected "to special confinement that causes him to suffer increased effects of environmental conditions."  Danley v. Allen, 540 F.3d 1298,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-03916 GAF (MRWx) | Date | June 22, 2012 |
|---|---|---|---|
| Title | Alice Gonzalez v. County of Ventura et al | | |

1308 (11th Cir. 2008), overruled in part on other grounds by Randall v. Scott, 610 F.3d 701 (11th Cir. 2010). For example, handcuffing a prisoner in a way that caused "unnecessary exposure to the heat of the sun," Hope v. Pelzer, 536 U.S. 730, 738 (2002), forcing an inmate to lay on hot asphalt long enough to suffer second degree burns, Howard v. Kansas City Police Dep't, 570 F.3d 984, 989–90 (8th Cir. 2009), and detaining an inmate in facilities that exposed him to extreme temperatures, Burchett, 310 F.3d at 946, all involved the excessive use of force even though no assaultive conduct had occurred.

The Court is satisfied that the above standards are met in this case. Specifically, Plaintiff has alleged that Kline directed her to walk across a slippery floor while tightly handcuffed, knowing that she would be placed in danger; that, as a result, she fell and suffered numerous serious injuries; and that Kline later ridiculed her, suggesting intentionality. Under the facts as alleged, there was no need for the use of force even approaching this degree, because Plaintiff posed no danger and was compliant with the officers' directions. Rather, as the incident is described Kline allegedly acted with malicious intent to injure her for his own amusement. Accordingly, his motion to dismiss her Fourth/Fourteenth Amendment claim is **DENIED**.

### b. *Unconstitutional Conditions of Confinement Under the Fourteenth Amendment*

"Although the Fourteenth Amendment's Due Process Clause, rather than the Eighth Amendment's protection against cruel and unusual punishment, applies to pretrial detainees," the Ninth Circuit applies "the same standards in both cases." Simmons v. Navajo County., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010) (internal citations omitted). To prevail on an Eighth Amendment claim for unconstitutional conditions of confinement, a plaintiff must show that (1) the conditions of confinement objectively posed a "substantial risk of serious harm" and (2) prison officials subjectively acted with "deliberate indifference" to plaintiff's safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

### i. Substantial Risk of Serious Harm

The first prong of the Farmer analysis requires that the detainee establish conditions of detention that pose a substantial risk of serious harm. As the Court has previously observed, in the Ninth Circuit, claims that slippery floors or other minor defective conditions amount to constitutional violations are viewed with skepticism. See Jackson v. Arizona, 885 F.2d 639, 641 (9th Cir. 1989) (complaint based on "slippery prison floors" did "not state even an arguable claim for cruel and unusual punishment"); Osolinski v Kane, 92 F.3d 934, 938 (9th Cir. 1996)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-03916 GAF (MRWx) | Date | June 22, 2012 |
|---|---|---|---|
| Title | Alice Gonzalez v. County of Ventura et al | | |

(faulty oven door that inflicted second-degree burn on Plaintiff's arm, after prison officials ignored Plaintiff's numerous maintenance requests, was "a single defective device, without any other conditions contributing to the threat of the inmate's safety" that did not "create[] an objectively insufficiently humane condition violative of the Eight Amendment").

To overcome this fundamental limitation on Eighth Amendment liability, a plaintiff must plead and prove that any inherent danger in a defective condition was "exacerbated" in some way, rendering the detainee unable to provide for his or her own safety, so that the defective condition presented an "immediate threat." Osolinski, 92 F.3d at 938–39. The Osolinski court observed that these circumstances were present in Gill v. Mooney, 824 F.2d 192 (2d Cir. 1987), in which an unsafe ladder was rendered an immediate threat to the inmate by the prison official's order to use the ladder, and in Hoptowit v. Spellman, 753 F.2d 779 (9th Cir. 1985), in which serious safety hazards in occupational areas were exacerbated by inadequate lighting. Osolinski, 92 F.3d at 938–39. Plaintiff argues that she was exposed to objectively dangerous conditions, because she was "directed" or "forced" to walk across a slippery floor without the use of her hands for balance or to break her fall, due to being stringently handcuffed. (See SAC ¶¶ 15, 36, 44.) The Court concludes that these defective conditions did in fact present an immediate threat—as further evidenced by the serious injuries Plaintiff allegedly sustained—and that Plaintiff has thus adequately alleged a substantial risk of serious harm.

### ii. Deliberate Indifference

Plaintiff is still required to allege facts supporting a plausible inference that Officer Kline acted with a "sufficiently culpable state of mind," i.e., that he acted with deliberate indifference to her health or safety. Farmer, 511 U.S. at 834. The test for deliberate indifference is a subjective one: "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. The Ninth Circuit has explained that "'[d]eliberate indifference entails something more than mere negligence . . . [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result.'" Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005) (quoting Farmer, 511 U.S. at 835).

Here, Plaintiff alleges that Defendant Kline knew about the wet floor, directed her to walk through it while tightly handcuffed, and joked about her fall with other officers. (Id. at ¶¶ 15, 21, 23, 38–39, 41–43.) These facts sufficiently support a claim that Kline was deliberately indifferent to the risk of harm to Plaintiff; accordingly, the motion to dismiss her dangerous conditions of confinement claim is **DENIED**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-03916 GAF (MRWx) | Date | June 22, 2012 |
|---|---|---|---|
| Title | Alice Gonzalez v. County of Ventura et al | | |

### c. Failure to Provide Medical Care

Under the Eighth and Fourteenth Amendments, "persons in custody have the established right to not have officials remain deliberately indifferent to their serious medical needs." Gibson v. County Washoe, 290 F.3d 1175, 1187 (9th Cir. 2002) (internal citations omitted). To demonstrate an unconstitutional failure to provide medical care, the Plaintiff must show: (1) a serious medical need by demonstrating that failure to treat the prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain; and (2) the defendant's response to the medical need was deliberately indifferent. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

The Court has previously analyzed Plaintiff's allegations of denial of medical care and concluded that they state a claim. (See Docket No. 12 [10/19/11 Order] at 9–10.) Plaintiff's factual allegations in relation to this claim have not changed from those asserted in her original complaint. Accordingly, the Court **DENIES** the motion to dismiss with respect to this claim.

### d. Punitive Damages

Defendants also move the Court to dismiss Plaintiff's claim for punitive damages. (Mem. at 23–24.) In Section 1983 actions, punitive damages are available where the defendants' "conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." Smith v. Wade, 461 U.S. 30, 32, 56 (1983). The Court cannot presently conclude that, under this standard, punitive damages are unavailable in this case. Plaintiff alleges that Kline directed her to walk across a slippery floor while stringently handcuffed, causing her to fall, for the amusement of himself and the other officers present, and that she was subsequently denied medical care for her serious injuries. If proven, such actions would show reckless or callous indifference to Plaintiff's federally protected rights. Accordingly, the motion to dismiss the punitive damages claim is **DENIED**.

### e. Municipal Liability

The City moves to dismiss the municipal liability claim asserted against it. (Mem. at 17–20.) "[A] municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 691 (1978). Rather, a local government can be liable under § 1983 only if a constitutional violation "implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-03916 GAF (MRWx) | Date | June 22, 2012 |
|---|---|---|---|
| Title | Alice Gonzalez v. County of Ventura et al | | |

[entity's] officers." Edgerly v. City & County of S.F., 599 F.3d 946, 960 (9th Cir. 2010) (quoting Monell, 436 U.S. at 690) (alteration in original). A local government entity will be liable "only where the entity's policies evince a 'deliberate indifference' to the constitutional right and are the 'moving force behind the constitutional violation.'" Id. (quoting Levine v. City of Alameda, 525 F.3d 903, 907 (9th Cir. 2008)). A policy can be an official policy or one made "by those whose edicts or acts may fairly be said to represent official policy." Dietrich v. John Ascuaga's Nugget, 548 F.3d 892, 900 (9th Cir. 2008) (quoting Monell, 436 U.S. at 694). A policy can also be a "widespread practice that . . . is so permanent and well settled as to constitute a 'custom or usage' with the force of law." Gillette v. Delmore, 979 F.2d 1342, 1348–49 (9th Cir. 1992) (quoting City of St. Louis v. Praprotnik, 485 U.S. 112, 127 (1988)).

Thus, to make out a § 1983 claim against a municipal defendant, a plaintiff must show (1) that he was "deprived of his constitutional rights by defendants and their employees acting under color of state law; (2) that the defendants have customs or policies which amount to deliberate indifference to . . . constitutional rights; and (3) that these policies [were] the moving force behind the constitutional violations." Lee v. City of Los Angeles, 250 F.3d 668, 681–82 (9th Cir. 2001) (internal quotations and alterations omitted). A municipal policy is the "moving force" behind a constitutional violation if it is the proximate cause of the constitutional injury. Van Ort v. Estate of Stanewich, 92 F.3d 831, 837 (9th Cir. 1996).

Under these standards, Plaintiff's Monell allegations are plainly insufficient. She alleges only that (1) the acts described in her complaint are "indicative and representative of a repeated course of conduct" by members and employees of the City, "tantamount to a custom, policy or repeated practice of condoning and tacitly encouraging the abuse of police authority, and disregard for the constitutional rights of citizens"; (2) the City has "customs and/or policies of deliberate indifference in the training, supervision and/or discipline" of City members and employees; and (3) Plaintiff's damages were the "foreseeable and proximate result of said customs, policies, patterns and/or practices." (SAC ¶¶ 51, 53, 55, 57.) Plaintiff states that she is "confident that similar cases, patterns, and policies exist which are only discoverable with the [City's] cooperation," and that she requires discovery to "further define and accurately articulate the [City's] customs, policies and practices." (Id. ¶¶ 54, 56.) Plaintiff previously levied these precise allegations against the County, and the Court twice dismissed the claim. Although Plaintiff now makes the allegations against a different defendant, as explained, she entirely fails to identify any suspect policy or practice, and to allege facts supporting a claim that such policy or practice exists. (See 10/19/11 Order at 10–11; Docket No. 16 [1/4/12 Order] at 6–7.) Accordingly, her municipal liability claim is **DISMISSED with prejudice.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 11-03916 GAF (MRWx) | Date | June 22, 2012 |
|---|---|---|---|
| Title | Alice Gonzalez v. County of Ventura et al | | |

### *f. Claim for "Relief" under 42 U.S.C. § 1988*

Defendants also ask the Court to dismiss Plaintiff's claim for "relief" under 42 U.S.C. § 1988. (See FAC ¶ 62; Mem. at 20–21.) This provision governs the award of attorney fees in civil rights actions, and does not create an independent cause of action. Accordingly, the claim is **DISMISSED**.

### D. VIOLATION OF CALIFORNIA GOVERNMENT CODE SECTION 835

The City also moves to dismiss Plaintiff's claim for violation of California Government Code section 835 for injury caused by a dangerous condition of public property. (Mem. at 22–23.). Section 835 provides that a public entity is liable for injury caused by a dangerous condition on its property under certain circumstances. See Cal. Gov. Code § 835. "[P]roperty of a public entity" and "public property" are defined as "real or personal property owned or controlled by the public entity." Cal. Gov. Code § 830(c). Here, Plaintiff alleges that the incident giving rise to suit occurred at "the Sheriff's Department complex," which the City argues was actually the Ventura County Jail. (SAC ¶ 14; Mem. at 22.) In either case, the incident did not occur on property owned or controlled by the City. Thus, because the County has been dismissed with prejudice from this action and the City may not be held liable for a dangerous condition on County property, Plaintiff's claim under section 835 of the California Government Code is **DISMISSED with prejudice**.

### III.
### CONCLUSION

For the foregoing reasons, the motion to dismiss is **GRANTED in part** and **DENIED in part**. The motion to dismiss the constitutional claims against Defendant Kline is **DENIED**. However, Plaintiff's claims against the City, for municipal liability and for violation of California Government Code section 835, are **DISMISSED with prejudice**.


**IT IS SO ORDERED.**